J-A19005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ALISON THERESA FIALA-MULLEN : No. 2268 EDA 2020

Appeal from the Order Entered October 26, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006073-2018

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: Filed:October 7, 2021

The Commonwealth of Pennsylvania appeals from the October 26, 2020

Order granting the Motion filed by Alison Theresa Fiala-Mullen ("Fiala-Mullen")

to dismiss the charges against her pursuant to Pa.R.Crim.P. 600. After careful

review, we reverse the trial court's Order and remand for further proceedings.

On September 4, 2018, the Commonwealth filed a Criminal Information

charging Fiala-Mullen with Aggravated Assault, Strangulation, Corruption of

Minors, Terroristic Threats, Endangering the Welfare of Children, Simple

Assault, Indecent Assault, and Harassment[1] arising from allegations of abuse

and neglect made by her three minor children.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(9), 2718(a)(1), 6301(a)(1)(ii), 2706(a)(1), 4304(a)(1), 2701(a)(1), 3126(a)(1), and 2709(a)(1), respectively. The court subsequently dismissed the Aggravated Assault and Terroristic Threats charges.

After multiple continuances and delays, on November 8, 2019, the trial court listed Fiala-Mullen's trial to commence on Monday, March 16, 2020.

On March 11, 2020, the Commonwealth requested a continuance of the trial date because the minor victims and their father had scheduled an overseas vacation during the week of March 16, 2020. The trial court denied the Commonwealth's request for a continuance, and, on March 12, 2020, entered an Order directing that "[t]he parties shall be ready for trial on [March 16, 2020.]" Order, 3/12/20.

On March 16, 2020, the Pennsylvania Supreme Court declared a judicial emergency due to the COVID-19 pandemic, resulting in the indefinite postponement of Fiala-Mullen's jury trial.

On March 30, 2020, Fiala-Mullen filed a Motion to Dismiss All Charges pursuant to Pa.R.Crim.P. 600. On June 9, 2020, the trial court held a hearing on Fiala-Mullen's Motion at which she argued that the Rule 600 adjusted run date expired on November 14, 2019, and that the Commonwealth failed to exercise due diligence in bringing the case to trial. The Commonwealth argued that the adjusted run date had not yet expired and that Fiala-Mullen's Motion to Dismiss was premature.

The parties submitted post-hearing Briefs, and, on September 29, 2020, the court held a second hearing on Fiala-Mullen's Rule 600 Motion. On October 26, 2020, the trial court granted the Motion to Dismiss, finding that the Commonwealth had violated Fiala-Mullen's right to a prompt trial. In its Findings of Fact, the trial court noted a mechanical run date of September 4,

2019, and found an adjusted run date of February 18, 2020. Findings of Fact, 10/26/20, at ¶¶ 2-3. Based on the Commonwealth's request that the court continue Fiala-Mullen's trial date, the court determined that "the Commonwealth was unprepared for trial on March 11, 2020, which is the date it requested a continuance of the March 16, 2020 trial." *Id.* at ¶ 10. Therefore, the court concluded that the Commonwealth did not exercise due diligence in because it was "unprepared for trial on March 16, 2020." *Id.* at ¶ 11.

The Commonwealth filed this timely appeal. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue on appeal:

> Did the trial court abuse its discretion by its Rule 600 dismissal where there was no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of the accused, the Commonwealth exercised due diligence, and was not responsible for delays in bringing the case to trial?

Commonwealth's Brief at 4.

Our standard and scope of review concerning Rule 600 motions are well settled:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

- 3 -

> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

**Commonwealth v. Bethea**, 185 A.3d 364, 370 (Pa. Super. 2018) (citation and emphasis omitted).

The Commonwealth argues that the record does not support the trial court's conclusion that simply because the Commonwealth requested a continuance—that the trial court denied—the Commonwealth would not have been prepared for trial had the pandemic emergency not resulted in its postponement. Commonwealth's Brief at 21-22.[2] Thus, the Commonwealth concludes that the court abused its discretion in granting Fiala-Mullen's Motion to Dismiss. *Id.* at 22-23.

As explained above, on March 11, 2020, the Commonwealth requested a continuance of trial because its witnesses were scheduled to be on an overseas vacation. That same day, the trial court denied the Commonwealth's request for a continuance and, the next day, entered an Order directing that the parties "be ready" for trial on March 16, 2020. The trial court explained that it granted Fiala-Mullen's Motion to Dismiss because the adjusted run date had passed and the Commonwealth's request for a "continuance while the courts were still open indicat[ed] its unpreparedness to proceed." Trial Ct.

---

[2] The Commonwealth also argues that the trial court erred in its calculation of the adjusted run date by failing to account for excusable delays, neglecting to account for court delays, and undercounting excludable time attributable to defense continuances. Commonwealth's Brief at 21. In light of our disposition, we need not address the merits this claim.

- 4 -

Op., 1/4/21, at 2. *See also* Findings of Fact at ¶¶ 10-11. The court found noteworthy that the Commonwealth never retracted its request for a continuance and found immaterial the trial date's coincidence with the date of the pandemic emergency declaration. Trial Ct. Op. at 2. Thus, the court concluded that the Commonwealth's unpreparedness for trial constituted a lack of due diligence sufficient to grant Fiala-Mullen's Motion and to dismiss the charges against her. *See* Findings of Fact at ¶¶ 11, 14-15.

Following our review, we conclude that the record does not support the trial court's conclusion that the Commonwealth's request for a continuance five days before the scheduled commencement of trial indicated that the Commonwealth would not have been prepared for trial had it been called. To the contrary, given that the trial court denied the Commonwealth's request and subsequently entered an Order directing the parties to "be ready" for trial, it is reasonable to presume that the Commonwealth would have complied with the court's order to appear and "be ready" for trial. Accordingly, the trial court abused its discretion in granting Fiala-Mullen's Motion to Dismiss.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/7/21</u>